UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-14345-Civ-SCOLA

CSPAN FINANCIAL, LLC, and
STEVEN BARNETT,

    Plaintiffs,

vs.

W. CHRISTOPHER BLANE,
DURAND H. BLANE, and HANS ERIC VOGEL,

    Defendants.
_____/

## ORDER DENYING MOTION TO INTERVENE

THIS MATTER is before the Court on Harry Sargeant III's Motion to Intervene (ECF No. 30). For the reasons explained below, the Motion to Intervene is denied.

On September 22, 2011, Steven Barnett, together with CSpan Financial, LLC, filed a thirty-two count complaint against Defendants, W. Christopher Blane, Durand Blane, and Hans Eric Vogel. (*Id.*) Barnett and Christopher Blane were business partners in several companies located in Florida and British Columbia. (Resp. 2-3, ECF No. 31.) According to Barnett, Blane agreed to match any financial contribution made by Barnett into the companies they owned together: WorldSpan, CSpan, and Poly-Triplex Technologies. (*Id.*) Barnett alleges that Blane (1) failed to match Barnett's contributions equally, (2) stole all or a portion of many of Barnett's capital contributions and deposited that amount in Blane's personal bank account, (3) falsely represented to WorldSpan Marine that many of the capital contributions made by Barnett were made by Blane, and (4) provided Mrs. Blane with stolen funds from Barnett in order to hide the stolen funds from Barnett. (*Id.*)

In his Motion to Intervene, Plaintiff-Intervenor Sargeant alleges fraud and breach of guarantee against WorldSpan, Barnett and Blane regarding a Vessel Construction Agreement that Sargeant made with WorldSpan. (Mot. Intervene, Ex. 1, ¶¶ 39-72, ECF No. 30-1.) Pursuant to the Vessel Construction Agreement, WorldSpan was to build and deliver a luxury motor yacht for approximately $15,000,000. (*Id.* at ¶¶ 7-8.) Sargeant is seeking damages from Blane and Barnett in the amount of $2,000,000 pursuant to the Vessel Construction Agreement. (*Id.* at p.12.)

### A. Sargent Is Not Entitled To Intervene as a Matter Of Right.

Sargeant argues that as a creditor of WorldSpan, he will either gain or lose by any judgment in this case if he can demonstrate that he is entitled to any proceeds from the defendants.  (Mot. Intervene 6, ECF No. 30.)  Sargeant also alleges that he has a direct, contractual claim against both Barnett and Blane, individually, arising from written guarantees each signed in connection with the Vessel Construction Agreement.  (*Id*.)  Sargeant reasons that his contractual agreements with WorldSpan, Barnett, and Blane, for the purchase of the vessel and for the payment of wages for WorldSpan employees, are legally protectable interests that justify intervention.  (*Id*.)  Based on this position, Sargeant argues he should be permitted to intervene under Federal Rule of Civil Procedure 24(a).

The Defendants contend that although Sargeant has a *potential* economic interest in the outcome of the litigation, this type of interest does not grant Sargeant the right to intervene. (Resp. 3, ECF No. 31.)  They argue, Sargeant is merely a potential judgment creditor who may be affected by the outcome of this litigation and therefore does not possess the requisite interest for intervention purposes.  (*Id*. at 4.)  The Court agrees with Defendants.

"Under Rule 24(a)(2), a party is entitled to intervention as a matter of right if the party's interest in the subject matter of the litigation is direct, substantial and legally protectable." *Mt. Hawley Ins. Co. v. Sandy Lake Props., Inc.*, 425 F.3d 1308, 1311 (11th Cir. 2005) (quotation marks and citation omitted).  "The proposed intervenor must show that it has an interest in the subject matter of the suit, that its ability to protect that interest may be impaired by the disposition of the suit, and that existing parties in the suit cannot adequately protect that interest." *Id.* "[A] legally protectable interest is something more than an economic interest." *Id.* (internal quotation marks omitted).  "[A] legally protectable interest is an interest that derives from a legal right," *i.e.*, an interest "which the *substantive* law recognizes." *Id.*  In *Mount Hawley Ins. Co. v. Sandy Lake Properties, Inc.*, the Eleventh Circuit Court of Appeals determined that a claimant did not have a "legally protectable interest" in the declaratory judgment action to determine whether an alleged wrongdoer had insurance coverage which would create a "pool or fund from which [the claimant could] recover his damages." *Id.*

Sargeant's request to intervene as a matter of right fails for similar reasons.  Sargent is essentially arguing that the outcome of this case will have a bearing on the pool of funds that will be available to him on his claims against Worldspan, Barnett and Blane.  (Mot. Intervene 6, ECF

No. 30.) In other words, Sargeant's interest in the outcome of this case is purely economic. This type of interest is not a legally protectable interest, and thus does not give Sargent the right to intervene in this litigation.

Additionally, Sargeant's claims of fraud and breach of duty all revolve around the Vessel Construction Agreement, while Barnett's claims against Blane arise from disputes surrounding various businesses they owned together. The Vessel Construction Agreement is not a contract that is at issue in this case. Consequently, Sargent's argument that he has a legally protectable contract interest misses the mark because the contractual rights that he is arguing are not even before this Court. Accordingly, Sargent's motion to intervene as of right must be denied.

**B. Sargent Will Not Be Permitted To Intervene Because His Intervention Would Cause Undue Delay and Prejudice To The Other Parties.**

Sargeant argues that he should be allowed to intervene pursuant to Rule 24(b), which governs permissive intervention, because the fraud alleged by Sargent involves facts and issues substantially related to the underlying litigation. (Reply 3, ECF No. 36.) Sargeant alleges that Barnett and Blane treated his payments under the Vessel Construction Agreement as their personal piggy bank, diverting the funds to people and places having nothing to do with the construction of the vessel. (Reply 3, ECF No. 33.) Sargeant also claims that the misappropriation of funds which Barnet and Blane accuse each other of are funds largely, if not entirely, received from Sargeant or his lender. (*Id.*)

The Defendants deny that Sargeant's claims against Barnett and Blane and WorldSpan fall within the same transaction of Barnett's claims of fraud against Blane. (Resp. 3, ECF No. 31.) The Defendants maintain that Barnett and CSpan Financial's allegations that Blane and Mrs. Blane defrauded them into making substantial investments has no relationship to Sargeant's breach of contract claims. (*Id.*)

Under Federal Rule of Civil Procedure 24(b), the court may permit anyone to intervene who has a claim or defense that shares a common question of law or fact with the main action. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3).

Permissive intervention under Rule 24(b) is not appropriate in this case because Sargeant's claims do not share a common question of law or fact with the main action. Sargeant's claims against Blane, Barnett, and WorldSpan allege fraud and breach of duty relating

to the Vessel Construction Agreement. However, the Vessel Construction Agreement is not a contract that is at issue in this case. Sargeant's intervention would unnecessarily delay these proceedings and prejudice the original parties' rights by needlessly prolonging and protracting this litigation.

This is already an extremely large and complicated matter. The Amended Complaint contains 328 paragraphs setting forth twenty-nine counts involving allegations of fraud, conspiracy, conversion, securities violations, and civil theft. (Am. Compl., ECF No. 72.) Sargeant's intervention would invariably cause additional discovery, involve additional parties and unduly delay these proceedings. Permitting intervention would inevitably prejudice the original parties' rights as it would force Barnett and Blane to unite against Sargeant while opposing each other in the pending proceedings.

## Conclusion

For the above stated reasons, Harry Sargeant III's Motion to Intervene (ECF No. 30) is **DENIED**. Relatedly, the Plaintiffs' Motion For Leave To File Sur-Reply (ECF No. 38) is **GRANTED**, *nunc pro tunc*.

**DONE and ORDERED** in chambers, at Miami, Florida on August 23, 2012.

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
Counsel of record